## WHEELER v. MORRIS and others.[1]

(*Circuit Court, D. Indiana.*  March 29, 1886.)

.1. PATENTS FOR INVENTIONS — INFRINGEMENT — MACHINES FOR MAKING STOVE-PIPE ELBOWS.

The first, second, and sixth claims of letters patent No. 224,974, of February 24, 1880, to William A. Wheeler, for machines for making stove-pipe elbows, are infringed by a machine made in accordance with letters patent No. 234,-191, of November 9, 1880, to John P. Ioor.

2. SAME—CONSTRUCTION OF CLAIM.

The third claim of the Wheeler patent was not infringed, because defendant used only three of the four elements of the combination; and the seventh claim was not infringed, because, if valid at all, it must be strictly construed and limited to the particular adjustment of parts described.

3. SAME—EQUIVALENTS.

Although the defendants did not use a toggle-joint mechanism, which was an element of the claims held infringed, the court finds that what they did use was an equivalent, which any skilled mechanic could have devised without the exercise of invention.

In Equity.

*C. P. Jacobs*, for complainant.

*D. V. Burns* and *Sullivan & Jones*, for defendants.

WOODS, J.  Action for infringement of the first, second, third, sixth, and seventh claims of letters patents No. 224,974, issued February 24, 1880, to the complainant, Wheeler, for improvements in machines for making stove-pipe elbows.  These claims are as follows:

"(1) In a machine for forming circumferential crimps in the ends of sheet-metal pipes, an inside and a set of outside clamps, and a set of revolving formers, which are moved from and towards the central shaft by a toggle-joint mechanism, in combination with each other, substantially as specified.  (2) In a crimping-machine, the combination of the toggle-joint, O, sliding blocks, G, and revolving formers, H, operating substantially as specified.  (3) In a crimping-machine, the hollow revolving shaft, C, carrying the formers, and the central stationary rod or shaft, I, carrying the inside clamp, J, in combination with each other, substantially as specified."  "(6) In a crimping-machine, a set of formers, H, H, which revolve both upon their own axes and about the central shaft, and are expanded and contracted by a toggle-joint mechanism, all substantially as specified.  (7) In a crimping-machine, a table, B, having a central orifice, of sufficient size to receive the end of the pipe, and also having under-side projections, *b*, *b*, to receive and support said pipe until clamped, in combination with a set of clamps, K, K, substantially as shown and specified."

The defense is, in effect, a denial of infringement, it being especially alleged that the machine made and used by the defendants was constructed under and in accordance with letters patent No. 234,-191, issued November 9, 1880, to the defendant John P. Ioor.  The complainant's claims, it will be observed, are all for combinations,

_____

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

and must be construed accordingly. The conclusion to which the court has arrived is that the defendants have infringed the first, second, and sixth claims, but not the third and seventh. The third claim is not infringed, because the defendants have used only three of the four elements of the combination; and the seventh, because, if patentable at all, it must be strictly construed, and limited to the particular adjustment of parts described. The defendants contend that they have not infringed the first, second, and sixth claims, because their machine does not have the toggle-joint mechanism embraced in each of those claims. But while this is so, I think the device which the defendants have substituted for the toggle-joint mechanism must be regarded as an equivalent, which any mechanic of skill and experience could have devised, without the aid of inventive power or genius.

The evidence does not show a license. Decree accordingly.